**John KIM, Plaintiff-Appellant,**

v.

**C.J. VILLALOBOS, Defendant-Appellee.**

No. 85–5996.

United States Court of Appeals, Ninth Circuit.

Submitted June 2, 1986.[*]

Decided Sept. 15, 1986.

---

[*] This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 3(f).

Paul Anthony Stabile, Pasadena, Cal., for plaintiff-appellant.

Donald Roeschke, California Atty. Gen., Los Angeles, Cal., for defendant-appellee.

Before WALLACE, FARRIS and CANBY, Circuit Judges.

CANBY, Circuit Judge:

John Kim appeals the district court's dismissal of his petition for a writ of habeas corpus. The district court dismissed the petition on the ground that Kim failed to exhaust the available state judicial remedies. We find that Kim has fairly presented his federal claims to the Supreme Court of California, thereby satisfying the exhaustion requirement of 28 U.S.C. § 2254. We therefore reverse the district court's judgment and remand the case for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Kim was originally convicted in the Superior Court for the County of Los Angeles of assault by means of force likely to produce great bodily injury, Cal. Penal Code § 245(a), and of other criminal violations. Kim failed to file a timely notice of appeal, and the Court of Appeals of California denied his motion to file a late notice of appeal.

Kim's quest for collateral review of his conviction began with the filing of a petition for a writ of habeas corpus with the Superior Court. Kim requested habeas relief on the ground that his right to appeal had been violated. After this petition was denied, Kim petitioned the Court of Appeals of California for a writ of habeas corpus, alleging additional substantive and procedural violations. The Court of Appeals also denied Kim's petition.

On or about December 27, 1983, Kim filed his first petition for a writ of habeas corpus with the Supreme Court of California. Kim's petition presented fifteen grounds for habeas relief. The California Supreme Court summarily denied Kim's petition, citing *In re Yurko*, 10 Cal.3d 857, 866–67, 112 Cal.Rptr. 513, 519, 519 P.2d 561, 567 (1974), *In re Swain*, 34 Cal.2d 300, 304, 209 P.2d 793, 796 (1949), *In re Lindley*, 29 Cal.2d 709, 723, 177 P.2d 918, 928 (1947), and Cal. Rules of Court, rule 45(e).

On April 24, 1984, Kim filed his first federal petition for a writ of habeas corpus with the district court. The district court determined that six of Kim's nine claims had been dismissed by the California Supreme Court on procedural grounds. The district court thereupon dismissed Kim's entire petition on the ground that it failed to satisfy the requirement of total exhaustion. *See Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

Kim then filed a second petition with the Supreme Court of California for a writ of habeas corpus. Kim's new petition was identical to his earlier one, but for the addition of exhibits relating to his unsuccessful attempt to obtain habeas relief in federal court. The California Supreme Court again summarily denied Kim's petition. This time the Court cited *In re Miller*, 17 Cal.2d 734, 112 P.2d 10 (1941).

Having been twice denied habeas relief by the California Supreme Court, Kim returned to the federal courts. Kim resubmitted his earlier petition, this time including documents from his prior state court proceedings. The district court found that the grounds alleged in Kim's petition were identical to those of his earlier petition. It therefore dismissed Kim's petition on the

same grounds—failure to exhaust state remedies. Kim now appeals.

## EXHAUSTION OF STATE REMEDIES

■ We review de novo the denial of a petition for writ of habeas corpus. *Roth v. United States Parole Commission,* 724 F.2d 836, 839 (9th Cir.1984).

A state prisoner seeking federal habeas corpus review of his conviction ordinarily must first exhaust available state remedies. 28 U.S.C. § 2254(b), (c); *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). The exhaustion requirement is not satisfied unless the federal claim has been "fairly presented" to the state courts. *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).

The state's contention that Kim failed to exhaust California's available judicial remedies is based on *Harris v. Superior Court,* 500 F.2d 1124 (9th Cir 1974) (en banc), *cert. denied,* 420 U.S. 973, 95 S.Ct. 1394, 43 L.Ed.2d 652 (1975). In *Harris,* this court stated,

> If the denial of the habeas corpus petition includes a citation of an authority which indicates that the petition was procedurally deficient ..., then the available state remedies have not been exhausted as the California Supreme Court has not been given the required fair opportunity to correct the constitutional violation.

*Id.* at 1128.

The Supreme Court of California cited three cases and one rule in summarily denying Kim's first petition: *In re Yurko,* 10 Cal.3d 857, 866–67, 112 Cal.Rptr. 513, 519, 519 P.2d 561, 567 (1974); *In re Lindley,* 29 Cal.2d 709, 723, 177 P.2d 918, 928 (1947); *In re Swain,* 34 Cal.2d 300, 304, 209 P.2d 793, 796 (1949), and Cal.Rules of Court, rule 45(e). *Yurko* precludes review of a speedy trial contention when it was not raised on appeal or by pretrial motion.

That defect cannot be cured; the State consequently concedes that Kim's state remedies have been exhausted with regard to his speedy trial claim. *Lindley* holds that the sufficiency of the evidence will not be reviewed on habeas; the State concedes that Kim's state remedies on that issue are exhausted. Rule 45(e) precludes habeas review of Kim's denial of an appeal; the State agrees that Kim has exhausted his state remedies on that issue.

*In re Swain* is therefore the authority for denial of the remainder of Kim's claims. *Swain* is cited by the California Supreme Court to indicate that claims have not been alleged with sufficient particularity. That deficiency, when it exists, can be cured in a renewed petition. In *Harris v. Superior Court,* 500 F.2d at 1128, we stated that denial of a habeas petition by the Supreme Court of California with a citation to *In re Swain* was deemed a denial on procedural grounds, leaving state remedies unexhausted. *See also McQuown v. McCartney,* 795 F.2d 807 (9th Cir.1986). The State accordingly contends that the citation of *Swain* ends the matter; Kim has not exhausted his state remedies.[1]

We cannot accept the State's premise that the California Supreme Court's citation of *Swain* establishes *per se* that Kim has failed to exhaust. We do not read our en banc decision in *Harris v. Superior Court* as establishing that proposition. In *Harris,* the issue was simply how to determine whether the California Supreme Court was denying a petition on the merits, or was denying it for a curable procedural deficiency. There was no issue whether the denial for procedural reasons was erroneous. The same holds true for our most recent application of *Harris* in *McQuown v. McCartney.*

■ Here Kim contends that he did allege his claims with particularity, and that they are incapable of being alleged with

---

1. Kim filed a second petition with the Supreme Court of California which was substantially identical to his first petition. The Court denied the petition, citing *In re Miller,* 17 Cal.2d 734, 112 P.2d 10 (1941). That case signals that the Court is denying the petition for the same reasons that it denied the previous one. The exhaustion issue in this case turns, therefore, on the denial of Kim's first petition.

any greater particularity. If he is correct, then the California Supreme Court's denial for lack of particularity amounts to a holding that the claims themselves are defective. Kim would then have fairly presented his claims to the state court and would be entitled to pursue them in federal court. The state courts, by denying a writ for lack of particularity when the claims are alleged with as much particularity as is practicable, cannot forever preclude the petitioner from reaching federal court. Such a result would defeat the purposes of section 2254. It is therefore incumbent upon us, in determining whether the federal standard of "fair presentation" of a claim to the state courts has been met, independently to examine Kim's petition to the California Supreme Court. The mere citation of *In re Swain* does not preclude such review. *See Buchanan v. McGee*, 290 F.2d 711, 713 (9th Cir.1961) (allegations of deficient petition quoted in entirety), *cert. denied*, 368 U.S. 990, 82 S.Ct. 606, 7 L.Ed.2d 527 (1962); *In re Hodge*, 262 F.2d 778, 781–82 (9th Cir.) (same), *cert. denied*, 356 U.S. 942, 78 S.Ct. 789, 2 L.Ed.2d 818 (1958).

Upon review of Kim's petition, we find that Kim has fairly presented his claims to the Supreme Court of California. Kim's petition to the district court included nine claims for habeas relief. On the basis of the cases cited by the Supreme Court of California, the district court concluded that three of these claims, Issues 3–5, had been dismissed on the merits. Furthermore, Kim's final claim, Issue 9, challenges the adequacy of California's collateral review procedures, rather than the constitutionality of Kim's initial conviction. Because this claim goes to the independent issue whether the exhaustion requirement is applicable, *see* 28 U.S.C. § 2254(b) (petitioner need not exhaust state corrective process when, "such process [is] ineffective to protect the rights of the prisoner"), it itself is not subject to the requirement of exhaustion.

We examine each of Kim's remaining claims in turn to see whether they were fairly presented to the Supreme Court of California:

*Issues (1) and (2)*—Violation of right to a jury trial.

■ Kim's petition to the Supreme Court of California included as an exhibit his earlier petition to the Court of Appeals of California. In this petition, Kim outlined how his lawyers and the trial court "by coercion and threat" prevailed upon him to waive his right to a jury. Kim alleged how his lawyers and the court threatened him with the possibility of an increased sentence if he did not plead guilty or consent to a bench trial. On the basis of these allegations, the Court of Appeals of California had no difficulty assessing the merits of Kim's claims. We find that Kim fairly presented his claims based on the right to a jury trial to the Supreme Court of California.

*Issues (6) and (7)*—Deprivation of right to counsel of choice and jeopardization of defense.

In his petition to the Court of Appeals of California, Kim describes how the police seized a $10,000 personal check as evidence and how this money became frozen in a trust account as the result of a fee dispute with his lawyer. Kim alleges that he was thereby unconstitutionally deprived of the funds necessary to hire a private lawyer and to conduct his defense properly. Kim's allegations reveal the substance of his claims. The claims have been fairly presented.

*Issue (8)*—Compliance with Cal. Penal Code § 1170(d) (1985).

In his petition to the Court of Appeals of California, Kim alleged that his sentencing hearing violated Cal. Penal Code § 1170(d). According to Kim, the trial court improperly denied him the opportunity to appear at this hearing and failed to allow his lawyer to speak on his behalf. Kim argues that once a sentence is recalled, the defendant is entitled to a full hearing. Kim's claim rais-

es a pure question of law. It has been fairly presented.

 The State also contends that Kim failed to exhaust the available state judicial remedies on the ground that Kim is free to refile a new petition with the Supreme Court of California. Kim should not be barred from obtaining federal habeas relief merely on the ground that his petition was dismissed without prejudice. This court has recognized that a state has a valid interest in requiring that claims for habeas corpus relief be pleaded with particularity. *See Twitty v. Smith,* 614 F.2d 325, 331 (2nd Cir.1979) (under exhaustion doctrine, "the facts on which the defendant relies [must be] called to the attention of the state court"). However, if a state procedural requirement consistently prevents a "fairly presented" claim from being heard on the merits, the state's procedures are ineffective and the exhaustion requirement is excused. 28 U.S.C. § 2254(b); *see also Bartone v. United States,* 375 U.S. 52, 54, 84 S.Ct. 21, 22, 11 L.Ed.2d 11 (1963) (per curiam) ("Where state procedural snarls or obstacles preclude an effective state remedy against unconstitutional convictions, federal courts have no other choice but to grant relief in the collateral proceeding").

Kim has twice fairly presented his claims to the Supreme Court of California. No interest in judicial efficiency or federal-state comity would be served by requiring that Kim present his claims to the Supreme Court of California yet again. *See Wilwording v. Swenson,* 404 U.S. 249, 250, 92 S.Ct. 407, 409, 30 L.Ed.2d 418 (1971) (per curiam) ("Petitioners are not required to file 'repetitious applications' in the state courts" *quoting Brown v. Allen,* 344 U.S. 443, 449 n. 3, 73 S.Ct. 397, 403 n. 3, 97 L.Ed. 469 (1953)).

Accordingly, we REVERSE the district court's judgment and REMAND the case so that the district court may consider all of Kim's claims on the merits.

* This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 3(f).