952 F.2d 1399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hagos G. AMLAK, Petitioner-Appellant,
v.
Daniel B. VASQUEZ, Respondent-Appellee.
 No. 91-15676.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1992.*
Decided Jan. 15, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hagos G. Amlak, a California state prisoner, appeals pro se from the district court's sua sponte dismissal before service of process of his 28 U.S.C. § 2254 habeas corpus petition for failure to exhaust state remedies. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we vacate and remand for service of process.
 
 
 3
 In Amlak's petition, he alleged that he exhausted state court remedies. He also filed copies of the California Supreme Court's (1) denial of his "motion for instant retrial" and petition for habeas corpus with a citation to In re Swain, 34 Cal.2d 300, 304 (1949) and (2) summary denials of his habeas petition and petition for review. He did not file documents showing which claims were raised in his state habeas petitions or on direct appeal. The district court dismissed the petition, holding that the California Supreme Court's denials did not "demonstrate that petitioner has exhausted his state remedies on the claims presented in this petition."
 
 
 4
 This court has held that a petitioner has the burden of alleging exhaustion in his habeas petition. See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir.1981), cert. denied, 455 U.S. 1023 (1982). Nevertheless, exhaustion is a defense that may be waived in some circumstances by the government. See Granberry v. Greer, 481 U.S. 129, 134-36 (1987). Moreover, when the state answers a habeas petition, it has a duty to advise the district court whether the petitioner has exhausted all available state remedies. Id. at 134; see also Rule 5, Rules Governing Section 2254 Petitions, 28 U.S.C. foll. § 2254.
 
 
 5
 Here, Amlak filed documents in the district court alleging that he had exhausted his state remedies as to all claims. Although a district court may dismiss a habeas petition without serving it if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief," see Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, it is not clear from the face of Amlak's petition and exhibits that he is not entitled to relief.[1] He has alleged exhaustion of state remedies, and he is entitled to have his petition served and a response from the government. See id.
 
 
 6
 VACATED and REMANDED for issuance and service of process.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Amlak's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The California Supreme Court's summary denials may be denials on the merits or on procedural grounds. See Ylst v. Nunnemaker, 111 S.Ct. 2590, 2594-95 (1991). Similarly, the California Supreme Court's denial with citation to In Re Swain, 34 Cal.2d 300, 304 (1949) does not establish per se a failure to exhaust. See Kim v. Villalobos, 799 F.2d 1319-20 (9th Cir.1986)