981 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Douglas Slade ELLIOTT, Petitioner-Appellant,
v.
James P. ROLAND, Respondent-Appellee.
 No. 89-55866.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1992.
Decided Dec. 23, 1992.
 
 Before HUG, FLETCHER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Douglas Slade Elliott appeals the district court's denial of his habeas petition. We reverse and remand.
 
 
 3
 * Elliott was convicted of murder, kidnapping and robbery following a jury trial in California state court. The California Court of Appeal affirmed his conviction and sentence.
 
 
 4
 Elliott filed a pro se habeas petition with the California Supreme Court which was denied. Elliott then filed a habeas petition with the district court, in which he alleged that he had exhausted his state remedies.
 
 
 5
 In its return, the state alleged that it was unable to verify the filing of Elliott's state habeas petition in its own records or in those of the California Supreme Court and contended that Elliott had failed to exhaust his state remedies. The state also alleged that Elliott's allegations were merely conclusionary.
 
 
 6
 Elliott filed a traverse denying the allegations made by the state and attaching a copy of the habeas petition he had filed in California Supreme Court and that court's order denying his petition.
 
 
 7
 The district court denied the habeas petition stating that although Elliott purported to attach exhibits to his traverse, that no attachments appeared with the court's copy. The district court found that since the state's return contained an exhibit showing that no petition or order could be located, it appeared Elliott had failed to exhaust his state remedies.
 
 II
 
 8
 A review of the district court record shows that the habeas petition Elliott filed in California Supreme Court and that court's order denying his petition were attached to Elliott's traverse as Exhibits A and B.
 
 
 9
 It is unclear why the district court could not locate these exhibits. However, the only ground given for the district court's dismissal of Elliott's habeas petition was that he had failed to file a habeas petition in state court. Since this is not the case, the denial cannot be upheld on this basis.
 
 III
 
 10
 The state contends that even though Elliott did file a habeas petition with the California Supreme Court, that his habeas petition was properly denied by the district court because the state court dismissed Elliott's petition on procedural grounds.
 
 
 11
 The state court order denying Elliott's habeas petition cited In re Swain, 34 Cal.2d 300, 304, 209 P.2d 793, 796 (1949) cert. denied, 338 U.S. 944 (1950). Swain sets out the procedural requirement that vague and conclusionary allegations are insufficient to warrant issuance of the writ and that a petition must "allege with particularity the facts upon which he would have a final judgment overturned." Id.
 
 
 12
 When a claim is presented to a state court in a procedurally defective manner, but the petitioner could correct the defect, there is a failure to exhaust state remedies. See Castille v. Peoples, 489 U.S. 346, 351 (1989). However, if the claims have in fact been alleged as specifically as possible, then those claims are regarded as exhausted. Kim v. Villalobos, 799 F.2d 1317, 1319-20 (9th Cir.1986).
 
 
 13
 We remand this matter to the district court to determine whether Elliott has properly exhausted his state remedies in accordance with Kim v. Villalobos by alleging his claims in state court as specifically as possible.
 
 REVERSED AND REMANDED
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3