990 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel Ernest SOLTERO, Petitioner-Appellant,
v.
George INGLE; Attorney General of California, Respondents-Appellees.
 No. 92-55238.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 24, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daniel Ernest Soltero, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition without prejudice for failure to exhaust state remedies. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we vacate and remand.
 
 
 3
 A state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254; Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam). A petitioner satisfies the exhaustion requirement by fairly presenting all claims to the highest state court with jurisdiction to consider the claims. Picard v. Connor, 404 U.S. 270, 276 (1971).
 
 
 4
 Soltero filed three habeas petitions in state court. The first was dismissed without citation. The second was dismissed with a citation to In re Swain, 209 P.2d 793, 796 (1949), cert. denied, 338 U.S. 944 (1950). The third petition was dismissed with a citation both to In re Swain and to In re Miller, 112 P.2d 10 (1941). The district court, adopting the magistrate's report and recommendation, noted that the state court's citations to Swain indicated that Soltero's petitions were denied on procedural grounds.[1] The court then dismissed Soltero's petition for failure to exhaust his state court remedies.
 
 
 5
 The opinion in In re Swain sets out the procedural requirement that vague and conclusory allegations are insufficient to warrant issuance of the writ and that a petition must "allege with particularity the facts upon which he would have a final judgment overturned."[2] Id. at 796. When a claim is presented to a state court in a procedurally defective manner, but the petitioner could correct the defect, there is a failure to exhaust state remedies. See Castille v. Peoples, 489 U.S. 346, 351 (1989). A denial of a habeas petition with a citation to Swain, does not, however, necessarily establish a per se failure to exhaust. See Kim v. Villalobos, 799 F.2d 1317, 1319-20 (9th Cir.1986). If the claims have in fact been alleged as specifically as possible, then those claims are regarded as exhausted. Id.
 
 
 6
 Here, the district court erred when it assumed, without first examining Soltero's individual claims, that he had failed to exhaust his state court remedies based on procedural grounds. Accordingly, we remand this matter to the district court to determine whether Soltero has properly exhausted his state remedies in accordance with Kim v. Villalobos by alleging his claims in state court as specifically as possible.
 
 
 7
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The report and recommendation also indicates that Soltero's petition was denied because he had not presented the same facts in the state habeas petition as he had in his federal petition. A comparison of Soltero's third habeas petition, however, reveals that it is identical to his federal habeas petition. Accordingly, the district court erred by denying Soltero's petition on this ground
 
 
 [2]
 A citation to In re Miller signals that the court is denying the second petition for the same reason that it denied the previous one. In this case, the In re Miller citation indicates that the court denied Soltero's third petition for the same reason that it denied his second one when it cited In re Swain