995 F.2d 230
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dean A. CHRISTIAN, Petitioner-Appellant,
v.
Steve CAMBRA; Dan Lungren; Attorney General of the State
of California, Respondents-Appellees.
 No. 92-56017.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 26, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dean A. Christian, a California state prisoner, appeals pro se the dismissal of his 28 U.S.C. § 2254 habeas corpus petition. Christian contends that the district court erred by finding that he had failed to exhaust state court remedies on all of his claims before seeking federal habeas relief. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and affirm.
 
 
 3
 Before a federal court will consider granting habeas relief, the petitioner must exhaust all available state remedies, either on direct appeal or through collateral proceedings. 28 U.S.C. § 2254(b); Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam). To exhaust state remedies, the petitioner must fairly present all of his claims to the highest state court with jurisdiction to consider them. Picard v. Connor, 404 U.S. 270, 276 (1971). A claim has been fairly presented if the petitioner has described in the state court proceeding both the operative facts and the federal legal theory on which the claim is based. Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam).
 
 
 4
 If a habeas petition contains both exhausted and unexhausted claims, the district court should dismiss it without prejudice, giving the petitioner the choice of resubmitting the petition to present only exhausted claims or of returning to state court to exhaust all claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).
 
 
 5
 Christian made the following five claims in his federal habeas petition: (1) ineffective assistance of trial and appellate counsel, (2) denial of the right to confrontation because the trial court admitted the preliminary hearing testimony of a prosecution witness, (3) improper admission of the testimony of an illegal alien, (4) insufficiency of the evidence to support the conviction, and (5) excessive sentence.
 
 
 6
 Christian was convicted of four counts of robbery and four counts of kidnapping for the purpose of robbery and received an indeterminate life sentence. On direct appeal, the California Court of Appeal reversed one robbery conviction and one kidnapping conviction and affirmed the other six convictions. Christian filed in the California Supreme Court a petition for review raising only the fourth and fifth claims of his federal habeas petition. The California Supreme Court denied the petition without citation. Christian then filed a state habeas petition raising all five claims. The California Supreme Court denied this petition with citation to In re Swain, 209 P.2d 793, 796 (Cal.Ct.App.1949), cert. denied, 338 U.S. 944 (1950), 340 U.S. 938 (1951), 342 U.S. 914 (1952), and In re Waltreus, 397 P.2d 1001, 1005 (Cal.1965), cert. denied, 382 U.S. 853 (1965).
 
 
 7
 The district court found that Christian had failed to exhaust state remedies as to his first and third claims. It made no finding as to whether he had satisfied the exhaustion requirement as to the other three claims.
 
 
 8
 Swain holds that facts relied upon in a California state habeas petition must be alleged with particularity, and Waltreus holds that claims presented on direct appeal ordinarily may not be relitigated on state habeas. See Ylst v. Nunnemaker, 111 S.Ct. 2590, 2595 (1991). Because Christian did not raise his first and third claims on direct appeal, Swain is the authority for the California Supreme Court's denial of these claims. A denial of a state habeas petition with citation to Swain is a denial on procedural grounds, leaving state remedies unexhausted, unless the claims nevertheless were fairly presented to the California Supreme Court. Kim v. Villalobos, 799 F.2d 1317, 1319-20 (9th Cir.1986) (holding that claims were fairly presented because they were incapable of being alleged with any greater particularity).
 
 
 9
 As the district court found, Christian's state habeas petition could have alleged facts supporting his ineffective assistance claim with greater particularity. Cf. id. Accordingly, the district court did not err by finding that Christian has not yet exhausted state court remedies on all of his federal claims. See Rose, 455 U.S. at 510.
 
 
 10
 Christian's motion for appointment of counsel is denied.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3