86 F.3d 1163
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James H. REED, Jr., Petitioner-Appellant,
v.
Meg SAVAGE; Attorney General for the State of Arizona,
Respondents-Appellees.
 No. 96-15058.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner James Herring Reed, Jr. appeals pro se the district court's summary dismissal of his 28 U.S.C. § 2254 habeas petition without prejudice for failure to exhaust state remedies. We have jurisdiction under 28 U.S.C. § 2253, and we review de novo, Hendricks v. Zenon, 993 F.2d 664, 668 (9th Cir.1993). We vacate the district court's judgment and remand for further proceedings.
 
 
 3
 A district court may summarily dismiss a habeas petition without requiring an answer from the respondents only if it plainly appears from the face of the petition, and any exhibits annexed to it, that the petitioner is not entitled to relief. Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.
 
 
 4
 As a general rule, a federal habeas petition should be dismissed if state remedies have not been exhausted with respect to every claim in the petition. Rose v. Lundy, 455 U.S. 509, 512-22 (1982); Ombremski v. Maas, 915 F.2d 418, 421 (9th Cir.1990), cert. denied, 498 U.S. 1096 (1991). A petitioner can satisfy exhaustion by fairly presenting each of his federal claims to the highest court with jurisdiction to consider them. 28 U.S.C. § 2254(c); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.1985), cert. denied, 478 U.S. 1021 (1986).
 
 
 5
 In his § 2254 petition, Reed made the following claims: 1) denial of "procedural due process and state created liberty interests;" 2) denial of a "speedy trial;" 3) double jeopardy violation; 4) prosecutorial misconduct; 5) ineffective assistance of counsel; and 5) denial of his Fourteenth Amendment rights caused by the state court's failure to provide him transcripts for post-conviction proceedings. Although Reed alleged that he exhausted all of his state remedies, he also cited Harmon v. Ryan, 959 F.2d 1457, 1461-1462 (9th Cir.1992) for the proposition that a criminal defendant is excused from exhausting state remedies because he does not have access to transcripts.
 
 
 6
 It is unclear from the district court record whether Reed exhausted his state claims to the highest court. Also, the absence of respondents' answer create uncertainty as to whether Reed exhausted his state remedies. We express no opinion whether Reed's failure to obtain transcripts would excuse a failure to exhaust his state remedies. See 28 U.S.C. § 2254(b); Bartone v. United States 375 U.S. 52, 54 (1963); Harmon v. Ryan, 959 F.2d 1457, 1461-1462 (9th Cir.1992); Kim v. Villalobos, 799 F.2d 1317, 1321 (9th Cir.1986) (exhaustion requirement can be excused if there is either an absence of available state corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner).
 
 
 7
 Accordingly, we vacate the district court's dismissal, and remand so that the respondents can be required to answer. Cf. Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.
 
 VACATED and REMANDED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we remand to the district court for further proceedings under the former version of 28 U.S.C. § 2254, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal