91 F.3d 152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Andrew JUAREZ, Petitioner-Appellant,
v.
James GOMEZ, Director; Attorney General of the State of
California, Respondents-Appellees.
 No. 94-56694.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1996.*
Decided June 28, 1996.
 
 Before: NOONAN, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Andrew Juarez, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition. He contends the district court erred when it dismissed his petition for failure to exhaust state remedies. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and affirm.
 
 A. Background
 
 3
 In 1992, Juarez filed in district court a section 2554 petition raising four claims, three of which the district court dismissed without prejudice for failure to conform to the local rules and the fourth it denied with prejudice as nonmeritorious. Juarez's appeal was dismissed by this court for failure to prosecute.
 
 
 4
 On April 29, 1993, Juarez filed in district court the section 2254 petition which underlies this appeal. Juarez raised four claims, including a claim for prosecutorial misconduct based on a number of grounds. Inter alia, Juarez contends the prosecutor improperly referred to an item not in evidence when she asked the jurors if they had ever seen a t-shirt or a hat with the following statement: "Sex is a misdemeanor. The more I miss, the meaner I get." (Hereinafter, we refer to this claim for prosecutorial misconduct as the "hat claim"). The district court found that Juarez had failed to exhaust the hat claim and dismissed the petition without prejudice.
 
 B. Abuse of the Writ
 
 5
 On appeal, the State argues for the first time that McCleskey v. Zant, 499 U.S. 467 (1991), requires dismissal of Juarez's 1993 petition in its entirety because one of Juarez's claims in his 1992 petition was dismissed with prejudice in 1992. We disagree.
 
 
 6
 In 1992, when the district court dismissed without prejudice three claims for failure to conform to the local rules, it should have refrained from reaching the merits of Juarez's fourth claim. See Trimble v. City of Santa Rose, 49 F.3d 583, 586 (9th Cir.1995) (per curiam) (because McCleskey makes it clear that a prisoner is very likely to have only one opportunity to bring an effective habeas petition, federal courts should avoid addressing less than all of petitioner's habeas claims).
 
 
 7
 Accordingly, we conclude that Juarez's 1992 petition cannot be counted for abuse of the writ purposes.
 
 C. Duncan v. Henry
 
 8
 On appeal, the State argues that the hat claim is unexhausted based on Duncan v. Henry, 115 S.Ct. 887 (1995) (per curiam). We disagree.
 
 
 9
 In Henry, the petitioner's presentation of the claim in state court did not satisfy exhaustion because he failed to "alert" the state court to the federal issue. Henry, 115 S.Ct. at 888 ("[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court"). In state court, Henry argued that an evidentiary ruling at trial was a miscarriage of justice under the state constitution, not a violation of federal due process. Id. The Court concluded that Henry's federal due process claim was unexhausted because Henry had argued a different legal theory in state and federal court. Id.
 
 
 10
 In contrast, when a California habeas petitioner raises a prosecutorial misconduct claim based upon improper comment, California courts decide the issue under the federal as well as the state standard. See People v. Gionis, 892 P.2d 1199, 1210-1213 (Cal.1995) (citing Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974) (improper prosecutorial comment violates Due Process Clause only if remark rendered trial fundamentally unfair); see also People v. Bell, 778 P.2d 129, 146-47 (Cal.1989) (citing Donnelly, 416 U.S. at 643) and Darden v. Wainwright, 477 U.S. 168, 181 (1986)), cert. denied, 495 U.S. 963 (1990).
 
 
 11
 Because California courts decide claims of improper prosecutorial comment based upon the federal standard, see Gionis, 892 P.2d at 1210-13, Bell, 778 P.2d at 146-47, Juarez's claim is exhausted under Henry as Juarez alerted the state court to the federal issue, cf. Henry, 115 S.Ct. at 888. See also Picard v. Connor, 404 U.S. 270, 274-76 (1971) (although petitioner must present the same claim in state and federal court, "we do not imply that [petitioner] could have raised the equal protection claim only by citing 'book and verse on the federal constitution' ") (citing Daugharty v. Gladden, 257 F.2d 750, 758 (9th Cir.1958)).
 
 D. Exhaustion Generally
 
 12
 Juarez contends his hat claim is exhausted because he argued in his habeas petition filed in the state supreme court on April 27, 1992 that whether characterized as ineffective assistance, judicial error, or prosecutorial misconduct, reversal of his conviction was required due to the cumulative prejudicial impact of errors in state proceedings. We disagree. See Picard, 404 U.S. at 277-78 (a claim is exhausted if petitioner presented the "operative facts and legal theory" to the state's highest court).
 
 
 13
 Alternatively, Juarez insists he exhausted the hat claim by raising it in a state court of appeal petition which he attached as Exhibit A to a habeas petition filed in the state supreme court. Claims raised in a state court of appeals petition attached as an exhibit to a state supreme court petition may in some instances satisfy exhaustion. See Kim v. Villalobos, 799 F.2d 1317, 1320 (9th Cir.1986); but see Ylst v. Nunnmemaker, 501 U.S. 797, 803 (1991) (when state court summarily denies a habeas petition, federal court must presume unless rebutted that denial rested on same reasoning as the last reasoned state court decision).
 
 
 14
 In this case, Juarez attached to his state supreme court petition (No. S026331) an exhibit which included, inter alia, two state court of appeal petitions: a petition filed in the state court of appeal in September 1991 (No. B061423) and a petition filed in the state court of appeal in October 1991 (No. B062337). We are unable to find any reference to the hat claim in either of these state court of appeal petitions.
 
 
 15
 Juarez raised his hat claim in a habeas petition filed in the state court of appeal in May 1989 (No. B030924). Juarez again alluded to his hat claim in a traverse to that petition. Juarez attached at least the traverse to that petition as an exhibit to a petition for writ of mandamus and/or prohibition filed in the state supreme court on June 30, 1989 (No. S010902). Juarez's petition for mandamus and/or prohibition did not challenge the validity of his conviction, but instead sought to compel the state court of appeal to permit oral argument on direct appeal. Even if raising a claim in an exhibit to a state supreme court petition were sufficient to satisfy exhaustion, exhaustion is not satisfied when a claim is raised in a petition for writ of mandamus and/or prohibition. See Castille v. Peoples, 489 U.S. 346, 351 (1989) (claim raised in petition for allocatur is not exhausted because court will not consider merits absent special and important reasons).
 
 
 16
 Finally, Juarez contends that his hat claim is exhausted because his May 1989 state court of appeal petition was consolidated with his petition for review before the state supreme court on direct appeal. The record before us does not support that contention. Consequently, as there is no evidence in the record indicating that Juarez ever presented his hat claim to the state supreme court, we affirm the judgment of the district court, dismissing Juarez's petition without prejudice for failure to exhaust state remedies. We caution Juarez, before he returns to district court, to: raise all the factual allegations of every legal claim in the state supreme court and characterize each claim in the state supreme court as a violation of his federal constitutional rights.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3