105 F.3d 665
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Walter LUNSTEDT, Petitioner-Appellant,
v.
John O'BRIEN, Lincoln County Sheriff, Respondent-Appellee.
 No. 95-35255.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 19, 1996.
 
 Before SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Oregon state prisoner John Walter Lunstedt appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition for failure to exhaust state remedies. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1955), cert. denied, 116 S.Ct. 1549 (1996), and affirm.
 
 
 3
 A state prisoner must exhaust all available state remedies before a federal court may consider the merits of his habeas corpus petition. 28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S. 509, 516 (1982). In order to satisfy the exhaustion requirement, the petitioner must fairly present his claims to the highest state court. Duncan v. Henry, 115 S.Ct. 887, 888 (1995) (per curiam); Picard v. Conner, 404 U.S. 270, 275 (1971).
 
 
 4
 Here, Lunstedt concedes that he has failed to exhaust state remedies, but contends that the exhaustion requirement should be excused in his case. This contention lacks merit because Lunstedt has failed to demonstrate that his case presents exceptional circumstances of peculiar urgency, which would excuse exhaustion. See Hendricks v. Zenon, 993 F.2d 664, 672 (9th Cir.1993). Lunstedt's contention that exhaustion of state remedies would be futile is meritless because he has failed to set forth any non-frivolous allegations demonstrating that state remedies are ineffective. See 28 U.S.C. § 2254(b); cf. Coe v. Thurman, 922 F.2d 528, 530-31 (9th Cir.1990) (four-year delay in obtaining appeal resulted in due process violation, and prisoner was not required to fully exhaust where root of complaint was his inability to do so); Kim v. Villalobos, 799 F.2d 1317, 1321 (9th Cir.1986) (excusing exhaustion requirement where state procedural requirements prevented fairly presented claim from being heard on the merits).[1]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent Lunstedt raises new claims for the first time on appeal, we decline to address them. See United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991). Lunstedt's motion for summary judgment is denied