Joseph W. AUSTIN, Petitioner–
Appellant,

v.

John LAMBERT, Respondent–Appellee.

No. 00–35981.

D.C. No. CV–00–05349–RJB.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 2001 *.

Decided Nov. 13, 2001.

Before KLEINFELD, McKEOWN, and
FISHER, Circuit Judges.

MEMORANDUM **

Joseph W. Austin, a Washington State prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition as unexhausted and procedurally barred. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo a district court's dismissal of a habeas petition based on procedural grounds, *see Bianchi v. Blodgett,* 925 F.2d 305, 308 (9th Cir.1991), and we reverse and remand.

Austin contends that the district court erred by denying his habeas petition as unexhausted. We agree. A prisoner must exhaust all state remedies before submitting a habeas petition to a district court. 28 U.S.C. § 2254(b). In order to exhaust, a petitioner must "fairly present" his claims to the state courts. *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). A petitioner may fairly present his claims to the state supreme court by attaching to his petition fully briefed arguments previously submitted to the lower court. *See Kim v. Villalobos,* 799 F.2d 1317, 1320 (9th Cir.1986) (holding that a petitioner fairly presented his claims to the state supreme court by including his earlier petition to the state court of appeals as an exhibit). Since Austin at-

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

tached his fully briefed petitions filed in the Washington Court of Appeals to his Washington Supreme Court petition, he has exhausted his state remedies. We therefore reverse the district court's judgment and remand the case for further proceedings.[1]

REVERSED and REMANDED.

1.  All outstanding motions are denied as moot.

