**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

SEP 22 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ENRIQUE NAVA,

                  Petitioner - Appellant,

    v.

JEANNE S. WOODFORD, Director,

                  Respondent - Appellee.

No. 08-55631

D.C. No. 2:05-cv-08387-DSF-OP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted August 30, 2010
Pasadena, California

Before: KOZINSKI, Chief Judge, O'SCANNLAIN and GOULD, Circuit Judges.

We conclude, following our independent review of Nava's habeas petition to

the California Supreme Court, that Nava fairly presented and exhausted his Sixth

and Fourteenth Amendment claims, despite the state court's procedural denial

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

citing *In re Swain*, 34 Cal. 2d 300 (1949), and *People v. Duvall*, 9 Cal. 4th 464, 474 (1995). *See Kim v. Villalobos*, 799 F.2d 1317, 1319–21 (9th Cir. 1986).

Nava is entitled to an evidentiary hearing in federal court because he alleged facts that, if true, would show that he was incompetent to plead guilty and is entitled to habeas relief. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *Pinholster v. Ayers*, 590 F.3d 651, 668 & n.7 (9th Cir. 2009) (en banc) (citing 28 U.S.C. § 2254(e)(2)), *cert. granted sub nom. Cullen v. Pinholster*, 130 S. Ct. 3410 (2010). Nava's allegation that he attempted suicide and was injected with psychotropic drugs hours before the plea hearing is not bald or inherently incredible, *see United States v. Howard*, 381 F.3d 873, 879 (9th Cir. 2004), and Nava alleges that defense counsel and the trial court were aware of some or all of the facts surrounding his "medical situation." The state court record does not refute Nava's factual allegations, *see Landrigan*, 550 U.S. at 474, so Nava is entitled to an evidentiary hearing on his claims that defense counsel provided ineffective assistance in allowing him to plead guilty and that the trial court should have entertained a bona fide doubt as to his competence. *See McMurtrey v. Ryan*, 539 F.3d 1112, 1118–19 (9th Cir. 2008), *Howard*, 381 F.3d at 877.

**REVERSED and REMANDED.**