**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICK GRAY, | No. 10-56824 |
| Petitioner - Appellant, | D.C. No. 2:10-cv-03896-ODW-MLG |
| v. | |
| DAVID B. LONG, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Argued and Submitted May 8, 2013
Pasadena, California

Before:  PREGERSON and FISHER, Circuit Judges, and DANIEL, District
Judge.[**]

Rick Gray appeals the district court's dismissal of his petition for a writ of

habeas corpus.  The district court concluded that Gray had not exhausted in state

court two of his federal habeas claims and dismissed the petition as a "mixed"

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The Honorable Wiley Y. Daniel, Senior United States District Judge for
the District of Colorado, sitting by designation.

petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we vacate and remand.

**1.** The district court concluded that Gray had not exhausted Claim Two, which alleges ineffective assistance of counsel (IAC). Of the five alleged deficiencies Gray identified, two were fairly presented to the California Supreme Court: (a) trial counsel's failure to request severance of the trial so that damaging evidence of Gray's alleged drug crimes would have been excluded as irrelevant; and (b) trial counsel's failure to urge the court to allow the jury to view Gray's ear during deliberation, as the jurors requested. The state habeas petition was sufficient to allow the state court to assess whether these deficiencies, either alone or together, constituted IAC. To the extent Gray's federal IAC claim rests on these alleged deficiencies, the claim is exhausted. *See Kim v. Villalobos*, 799 F.2d 1317, 1320-21 (9th Cir. 1986).

To the extent Gray's federal IAC claim rests on the three other alleged deficiencies not fairly presented to the California Supreme Court – the failures to make timely objections, to conduct a proper investigation or to object to illegally obtained evidence – they are not exhausted. On remand, Gray must decide whether he wishes to pursue his IAC claim limited to the two deficiencies fairly presented to the California Supreme Court or whether he wishes to return to state court in an

2

attempt to exhaust the broader IAC claim. *See Jefferson v. Budge*, 419 F.3d 1013, 1015-16 (9th Cir. 2005).

**2.** The district court concluded that Gray had not exhausted Claim Four, which alleges a violation of Gray's right to be present during the discussion of how to respond to the question from the jury. But Gray's state petition alleged that he was denied the "right to be present at any stage of the proceeding that is critical" and that "[t]he court's decision to refuse the jury's request was denied without Gray's knowledge or presence, and violated Gray's right to trial by jury and due process." Particularly in light of the lenient standards to which pro se pleadings are held, *see Davis v. Silva*, 511 F.3d 1005, 1009 n.4 (9th Cir. 2008), Gray adequately stated a right to be present claim. This claim was fairly presented to the state court and is exhausted. *See Villalobos*, 799 F.2d at 1320-21.

**VACATED AND REMANDED.**