**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARY LOUIS CORBRAY, | No. 09-35834 |
| Petitioner - Appellant, | D.C. No. 2:09-cv-03034-EFS |
| v. | |
| MAGGIE MILLER-STOUT, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Argued and Submitted February 10, 2012
Seattle, Washington

Before: SCHROEDER, ALARCÓN, and GOULD, Circuit Judges.

Petitioner-Appellant Gary Louis Corbray ("Corbray") appeals the district

court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition, in which he

challenges his jury conviction for child molestation. He contends that the district

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

court erred in concluding that his federal constitutional claims of ineffective assistance of trial counsel and jury bias were procedurally barred.

Corbray's claim of ineffective assistance of trial counsel is procedurally barred by Washington's inadequate briefing rule. Pursuant to this rule, Washington state courts require a petitioner to substantiate his factual allegations in his personal restraint petition by either citing to the record or by providing admissible evidence outside the record. *See In re Rice*, 828 P.2d 1086, 1092–93 (Wash. 1992) (citing Wash. R. App. P. 16.7(a)(2)(i)). This procedural bar is based on independent and adequate state law. *See Parmelee v. Fraker*, No. C09-5273BHS, 2010 WL 546933, at *8 (W.D. Wash. 2010) (collecting cases from 1994 to 2008) (unpublished); *see also State v. Ruiz*, 138 Wash. App. 1021, 2007 WL 1229392, at *4 (Wash. App. Div. 3, Apr. 26, 2007) (unpublished); *State v. Crocker*, 138 Wash. App. 1008, 2007 WL 1129574, at *4–5 (Wash. App. Div. 2, Apr. 17, 2007) (unpublished); *State v. Gilbert*, 126 Wash. App. 1022, 2005 WL 583635, at *2 (Wash. App. Div. 1, Mar. 14, 2005) (unpublished); *In re DiBartolo*, 115 Wash. App. 1008, 2003 WL 116155, at *1, 12 (Wash. App. Div. 3, Jan. 14, 2003) (unpublished); *State v. Otto*, 97 Wash. App. 1084, 1999 WL 1028782, at *2–3 (Wash. App. Div. 3, Nov. 12, 1999) (unpublished). Corbray has not provided citation to any authority to the contrary. *See Bennett v. Mueller*, 322 F.3d 573, 586

(9th Cir. 2003) (reasoning that "[o]nce the state has adequately pled the existence of an independent and adequate state procedural ground" the remaining issues shift to the petitioner).

Here, the Washington Supreme Court, on collateral attack, expressly relied on this established procedural bar, ruling that Corbray's ineffective assistance of trial counsel claim consisted of "conclusory allegations unsupported by any citation to the record or to admissible evidence." The district court thus properly found that Corbray's procedural default barred federal habeas review of this claim. On appeal, we find no reason to lift this procedural bar because Corbray has failed to show "actual prejudice as a result of the alleged violation of federal law" or a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Corbray's jury bias claim, however, is not procedurally barred from federal habeas review by Washington's relitigation rule, *see In re Taylor*, 717 P.2d 755, 758 (Wash. 1986). The U.S. Supreme Court has held that state relitigation bars, while presenting a barrier to further *state* review, have "nil" effect on the availability of *federal* habeas review. *See Wellons v. Hall*, 130 S. Ct. 727, 730 (2010); *Cone v. Bell*, 129 S. Ct. 1769, 1781 (2009); *Ylst v. Nunnemaker*, 501 U.S.

797, 804 n.3 (1991); *see also Pirtle v. Morgan*, 313 F.3d 1160, 1168 (9th Cir. 2002).

Even though Corbray's jury bias claim is not procedurally barred, it lacks merit. The Washington Court of Appeals, on direct review, found that the trial court properly held a fact-finding hearing to determine if the alleged juror misconduct occurred, and the Court of Appeals concluded that the trial court did not abuse its discretion in finding it had not. This conclusion is not inconsistent with U.S. Supreme Court precedent. *See Smith v. Phillips*, 455 U.S. 209, 215–18 (1982) (reversal not required where a juror applied for employment in the District Attorney's Office during trial and the trial judge held a post-trial hearing to determine prejudice); *Remmer v. United States*, 347 U.S. 227, 228–30 (1954) (hearing required to determine prejudice where a third party attempted to bribe the jury foreman); *Mattox v. United States*, 146 U.S. 140, 142–43, 153 (1892) (opining that a new trial was warranted where the jury was exposed to extrinsic record facts and public opinion). We accordingly conclude that Corbray is not entitled to a new trial on his impartial jury claim because the state court decision on the merits was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1); *see also Harrington v. Richter*, 131 S. Ct. 770, 785 (2011).

**AFFIRMED**.