**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

KYLE J. RODNEY,
                    *Petitioner-Appellant*,

v.

TIMOTHY FILSON; ATTORNEY
GENERAL FOR THE STATE OF
NEVADA,
                    *Respondents-Appellees.*

No. 17-15438

D.C. No.
3:13-cv-00323-
RCJ-VPC

OPINION

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Senior District Judge, Presiding

Argued and Submitted December 21, 2018
San Francisco, California

Filed March 1, 2019

Before: Ronald M. Gould and Marsha S. Berzon, Circuit
Judges, and Rosemary Márquez,* District Judge.

Opinion by Judge Márquez

---

*  The Honorable Rosemary Márquez, United States District Judge
for the District of Arizona, sitting by designation.

## SUMMARY**

### Habeas Corpus

The panel vacated the district court's denial of Nevada state prisoner Kyle J. Rodney's *pro se* 28 U.S.C. § 2254 habeas corpus petition and remanded for the district court to conduct an analysis of the substantiality of Rodney's ineffective-assistance-of-counsel (IAC) claims pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012).

Without allowing discovery, holding an evidentiary hearing, or engaging in a *Martinez* analysis, the district court found, in relevant part, that two of Rodney's IAC claims were procedurally defaulted.

The panel rejected Respondent's argument that Rodney waived his argument that he can show cause and prejudice under *Martinez* to excuse his procedural default. The panel explained that because Rodney was not represented by counsel during his initial-review collateral proceeding, he need only show that his IAC claims are substantial in order to excuse the procedural default.

The panel could not conclude on the present record that Rodney's IAC claims are meritless with respect to the deficient-performance prong of *Strickland v. Washington*, 466 U.S. 668 (1984). As to whether the alleged deficient performance resulted in prejudice, the panel observed that the district-court record is limited, and that both parties refer

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

extensively to medical records that were not before the district court. The panel concluded that the district-court record is insufficiently developed for it to conclusively evaluate the substantiality of Rodney's IAC claims, and that remand is therefore required.

The panel wrote that on remand the district court may allow discovery upon a showing of good cause under Rule 6 of the Rules Governing § 2254 Cases, may hold an evidentiary hearing as warranted, and may consider medical records and any other evidence relevant to the issue of the substantiality of Rodney's IAC claims. The panel wrote that if the district court determines that the IAC claims are substantial and thus that the procedural default of the claims is excused under *Martinez*, then AEDPA deference will no longer apply and the claims will be subject to de novo review.

## COUNSEL

Courtney B. Kirschner (argued), Assistant Federal Public Defender; Rene L. Valladares, Federal Public Defender; Office of the Federal Public Defender, Las Vegas, Nevada; for Petitioner-Appellant.

Erin L. Bittick (argued), Deputy Attorney General; Adam Paul Laxalt, Attorney General; Office of the Attorney General, Carson City, Nevada; for Respondents-Appellees.

## OPINION

MÁRQUEZ, District Judge:

Petitioner Kyle J. Rodney ("Rodney"), a Nevada state prisoner, appeals the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We vacate and remand for the district court to conduct an analysis of the substantiality of Rodney's ineffective-assistance-of-counsel ("IAC") claims pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012).

I

Rodney was convicted following a jury trial on charges of burglary while in possession of a deadly weapon, conspiracy to commit robbery, robbery with use of a deadly weapon, conspiracy to commit murder, attempted murder with a deadly weapon, and battery with use of a deadly weapon resulting in substantial bodily harm. He was sentenced to a combination of concurrent and consecutive terms totaling 50 years of imprisonment with parole eligibility after 20 years.

During Rodney's trial, victim Ralph Monko ("Monko") testified that Rodney and a co-defendant beat and robbed him in the garage of his home after Rodney observed him win thousands of dollars at a casino. Monko testified that his skull was crushed during the beating and he was stabbed in the head with a large knife, which sliced his skin down to the skull, cracked his orbital bone, and cut every nerve. He further testified that, as a result of the attack, he had permanent scars and suffered from dizziness, frequent seizures, short-term memory problems, a loss of smell and taste due to brain damage, numbness on the left side of his

head, and post-traumatic stress disorder.  In addition, Monko testified that one of the weapons used in the attack caused an infection in the back of his neck that medical providers worried would enter his brain and kill him.  Rodney's trial attorney did not object to Monko's medical testimony, did not use medical records to impeach the testimony, and did not call an expert witness or any treating medical providers to testify regarding Monko's injuries.

After his convictions were affirmed on direct appeal, Rodney filed a *pro se* state post-conviction petition for writ of habeas corpus ("PCR Petition") and requested the appointment of post-conviction counsel.  The trial court found that Rodney was not entitled to the appointment of counsel and denied the PCR Petition on the merits.  The Nevada Supreme Court affirmed.  Rodney then filed a second *pro se* PCR Petition and again requested the appointment of counsel.  The trial court again declined to appoint post-conviction counsel, and it denied the second PCR Petition as procedurally barred.  The Nevada Supreme Court again affirmed.

Rodney then filed a timely *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the District of Nevada.  He later amended the petition with leave of Court.  After denying Rodney's request for appointment of habeas counsel, and without allowing discovery, holding an evidentiary hearing, or engaging in a *Martinez* analysis, the district court found, in relevant part, that two of Rodney's IAC claims were procedurally defaulted.  The district court then denied Rodney's § 2254 petition after rejecting on the merits the only claim that it found to be properly exhausted.  We granted a certificate of appealability on the issue of whether

the district court erred in finding that Rodney's IAC claims were procedurally defaulted.

## II

We review the district court's denial of Rodney's habeas petition and its procedural default determinations de novo. *Runningeagle v. Ryan*, 825 F.3d 970, 978 (9th Cir. 2016). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), factual determinations made by the state courts are presumed to be correct, and the habeas petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). We may grant habeas relief on a claim adjudicated on the merits in state court only if the state-court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). However, any federally reviewable claims that were not adjudicated on the merits in state court are reviewed de novo. *Runningeagle*, 825 F.3d at 978.

## III

Respondents argue that Rodney waived his *Martinez* argument by failing to properly present it to the district court. We reject this argument. Rodney did not clearly raise a *Martinez* argument in his response to Respondents' motion to dismiss his habeas petition on procedural grounds; however, he did raise the issue of *Martinez* in a surreply. The surreply was filed without prior authorization, but the district court denied Respondents' motion to strike it from the docket. Rodney again raised a *Martinez* argument in his

notice of abandonment of unexhausted claims.  In analyzing the issue of waiver, we must be mindful that documents filed *pro se* are to be liberally construed.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).      Furthermore, Respondents raised the *Martinez* issue in their reply in support of their motion to dismiss, and the applicability of *Martinez* was clear under the circumstances of Rodney's case.  The *Martinez* issue was therefore properly before the district court.

## IV

Rodney does not dispute the district court's finding that his IAC claims are procedurally defaulted, but he argues that he can show cause and prejudice under *Martinez* to excuse the procedural default.

A claim is procedurally defaulted if it was rejected by the state courts based on "independent" and "adequate" state procedural grounds, *Coleman v. Thompson*, 501 U.S. 722, 729–32 (1991), or if it is unexhausted and "state procedural rules would now bar the petitioner from bringing the claim in state court," *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (en banc).    Federal review of procedurally defaulted claims is barred unless the habeas petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  *Coleman*, 501 U.S. at 750.[1]

The absence or ineffective assistance of state post-conviction counsel generally cannot establish cause to

---

[1] Rodney does not argue that the fundamental-miscarriage-of-justice exception is applicable.

excuse a procedural default because there is no constitutional right to counsel in state post-conviction proceedings. *Id.* at 752–54. However, in *Martinez*, the Supreme Court established an equitable exception, holding that the absence or ineffective assistance of counsel at an initial-review collateral proceeding may establish cause to excuse a petitioner's procedural default of substantial claims of ineffective assistance of trial counsel. 566 U.S. at 14. To excuse a procedural default under *Martinez*, a petitioner must show (1) that his ineffective-assistance-of-trial-counsel claim is "substantial"; (2) that he had no counsel during his state collateral review proceeding or that his counsel during that proceeding was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984); (3) that "the state collateral review proceeding was the 'initial' review proceeding in respect to the 'ineffective-assistance-of-trial-counsel claim'"; and (4) that state law requires ineffective-assistance-of-trial-counsel claims to be raised in initial-review collateral proceedings. *Trevino v. Thaler*, 569 U.S. 413, 423 (2013); *see also Martinez*, 566 U.S. at 13–17. To show that his claims are "substantial," a petitioner must demonstrate that they have "some merit." *Martinez*, 566 U.S. at 14. A claim is "insubstantial" if "it does not have any merit or . . . is wholly without factual support." *Id.* at 16.

The *Strickland* standard requires a showing of both deficient performance and prejudice. 466 U.S. at 687. To establish deficient performance, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness. . . . under prevailing professional norms." *Id.* at 688. To establish prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability

is a probability sufficient to undermine confidence in the outcome." *Id.*

Because *Martinez* requires a showing that post-conviction counsel was ineffective under the standards of *Strickland*, a petitioner who was represented by post-conviction counsel in his initial-review collateral proceeding must show not only that his procedurally defaulted trial-level IAC claim is substantial but also that there is "a reasonable probability that the trial-level IAC claim would have succeeded had it been raised" by post-conviction counsel. *Runningeagle*, 825 F.3d at 982. However, a petitioner who was *not* represented by post-conviction counsel in his initial-review collateral proceeding is not required to make any additional showing of prejudice over and above the requirement of showing a substantial trial-level IAC claim. *Detrich v. Ryan*, 740 F.3d 1237, 1245 (9th Cir. 2013) (en banc).[2]

As Respondents concede, Nevada requires prisoners to raise IAC claims for the first time in initial-review collateral

---

[2] In *Detrich*, a plurality of a fragmented en banc panel of our court concluded that a petitioner seeking to excuse a procedural default pursuant to *Martinez* need not make any additional showing of prejudice over and above the required showing of substantiality of the underlying trial-counsel IAC claim. *Detrich*, 740 F.3d at 1245–46. We later determined that a majority of the *Detrich* panel had rejected that conclusion as it relates to cases in which the petitioner was represented by counsel during the initial-review collateral proceeding. *Clabourne v. Ryan*, 745 F.3d 362, 377 (9th Cir. 2014), *reh'g denied*, 868 F.3d 753 (9th Cir. 2017); *see also Runningeagle*, 825 F.3d at 982; *Pizzuto v. Ramirez*, 783 F.3d 1171, 1178–79 (9th Cir. 2015). However, the *Detrich* plurality's conclusion applies in cases in which the petitioner was *not* represented by counsel in the initial-review collateral proceeding, because in such cases there is no post-conviction counsel performance to evaluate.

proceedings. *See Corbin v. Nevada*, 892 P.2d 580, 582 (Nev. 1995) (per curiam) (citing *Gibbons v. Nevada*, 634 P.2d 1214 (Nev. 1981)). As respondents also concede, Rodney was not represented by counsel during his initial-review collateral proceeding. Accordingly, Rodney need only show that his IAC claims are substantial in order to excuse the procedural default of the claims under *Martinez*. *See Detrich*, 740 F.3d at 1245.

The parties dispute whether Rodney's IAC claims are substantial. Because the district court failed to conduct a *Martinez* analysis, it did not make any findings on that issue. "A standard practice, in habeas and non-habeas cases alike, is to remand to the district court for a decision in the first instance without requiring any special justification for so doing." *Detrich*, 740 F.3d at 1248. We have conducted *Martinez* analyses in the first instance on appeal only in cases where the record was "sufficiently complete" for us "to hold without hesitation" that the underlying IAC claim was meritless. *Sexton v. Cozner*, 679 F.3d 1150, 1161 (9th Cir. 2012); *see also Clabourne*, 745 F.3d at 382. If the substantiality of an IAC claim is uncertain, or if the record is insufficiently developed to conclusively evaluate the claim's substantiality, remand is required. *See Clabourne*, 745 F.3d at 376; *Sexton*, 679 F.3d at 1161.

Rodney argues that trial counsel was ineffective for failing to investigate or challenge the prosecution's medical evidence at trial, failing to timely object to Monko's medical testimony, failing to use medical records to impeach Monko's medical testimony, and failing to call any medical experts or treating medical providers to testify regarding Monko's injuries. The record reveals that trial counsel failed to timely object to Monko's lay testimony concerning medical diagnoses such as post-traumatic stress disorder,

brain damage, severed nerves, fracture, and infection, even though such testimony was likely inadmissible under state law. *See* Nev. Rev. Stat. §§ 50.265, 50.275. The record also reveals that trial counsel failed to use Monko's medical records for impeachment purposes, failed to call an expert witness to explain the records, and failed to call any treating medical providers, even though Monko's medical records contradict some of Monko's testimony concerning the severity of his injuries. On the present record, we cannot conclude that Rodney's IAC claims are meritless with respect to the deficient-performance prong of the *Strickland* inquiry.

Determining whether Rodney can demonstrate that trial counsel's alleged deficient performance resulted in prejudice "requires a highly fact- and record-intensive analysis" that we are ill-equipped to conduct in the first instance on appeal. *Woods v. Sinclair*, 764 F.3d 1109, 1138 (9th Cir. 2014) (quoting *Detrich*, 740 F.3d at 1262 (Watford, J., concurring)). Because the district court did not allow discovery or hold an evidentiary hearing, the evidence in the district-court record is limited. The severity of Monko's injuries was potentially relevant to elements of several of the charges of which Rodney was convicted. The district-court record contains excerpts of Monko's medical records; however, in arguing whether there is a reasonable probability that the jury's verdict would have been different if not for counsel's alleged deficiencies, both parties refer extensively to additional medical records that were not before the district court. Absent unusual circumstances, "we consider only the district court record on appeal." *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003).**[3]** Here, the

---

**[3]** For this reason, we deny Rodney's Motion for Leave to Expand Record on Appeal.

district-court record is insufficiently developed for us to be able to conclusively evaluate the substantiality of Rodney's IAC claims. Accordingly, remand is required.

On remand, the district court "may take evidence to the extent necessary to determine whether [Rodney's] claim[s] of ineffective assistance of trial counsel [are] substantial under *Martinez*." *Dickens*, 740 F.3d at 1321. Although review under 28 U.S.C. § 2254(d)(1) is limited to the state-court record, that evidentiary limitation—and § 2254(d) itself—"applies only to claims previously 'adjudicated on the merits in State court proceedings.'" *Dickens*, 740 F.3d at 1320 (quoting 28 U.S.C. § 2254(d); *Cullen v. Pinholster*, 563 U.S. 170, 186 (2011)). Furthermore, § 2254(e)(2) does not bar the district court from holding an evidentiary hearing, because a petitioner seeking to show cause based on a lack of post-conviction counsel is "not asserting a 'claim' for relief as that term is used in § 2254(e)(2)." *Dickens*, 740 F.3d at 1321. Accordingly, the district court may allow discovery upon a showing of good cause under Rule 6 of the Rules Governing § 2254 Cases in the United States District Courts, may hold an evidentiary hearing as warranted, and may consider Monko's medical records and any other evidence relevant to the issue of the substantiality of Rodney's IAC claims. If the district court determines that Rodney's IAC claims are substantial and thus that the procedural default of the claims is excused under *Martinez*, then AEDPA deference will no longer apply and the claims will be subject to de novo review. *Dickens*, 740 F.3d at 1321.

**VACATED and REMANDED. Motion for Leave to Expand Record on Appeal DENIED.**