**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| GERARDO PRECIADO,<br><br>        Petitioner-Appellant,<br><br>  v.<br><br>WILLIAM MUNEZ, Warden,<br><br>        Respondent-Appellee. | No.   18-55326<br><br>D.C. No.<br>2:16-cv-01886-FMO-JDE<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Argued and Submitted April 9, 2019
Pasadena, California

Before: RAWLINSON and MURGUIA, Circuit Judges, and RAKOFF,[**] District
     Judge.

     Petitioner Gerardo Preciado (Petitioner) appeals the district court's denial of

his federal habeas petition.

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]    The Honorable Jed S. Rakoff, Senior United States District Judge for
the Southern District of New York, sitting by designation.

We review *de novo* the district court's denial of the petition and its findings of fact for clear error. *See Rodney v. Filson*, 916 F.3d 1254, 1258 (9th Cir. 2019). As here, state court decisions issued without an explanation are presumed adjudicated on the merits. *See Kernan v. Hinojosa*, 136 S. Ct. 1603, 1606 (2016).

We may grant relief pursuant to Section 2254(d) of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) only when a petitioner demonstrates either that "there was no reasonable basis" for the state court's summary denial, or that the state court's determination of the facts was "not merely wrong, but objectively unreasonable." *Sanders v. Cullen*, 873 F.3d 778, 794-95 (9th Cir. 2017), *cert. denied sub nom. Sanders v. Davis*, 139 S. Ct. 798 (2019) (citation and internal quotation marks omitted).

We reject Petitioner's argument that the California Supreme Court unreasonably determined the facts in summarily denying Petitioner's ineffective assistance of counsel claim. *See Wood v. Allen*, 558 U.S. 290, 301 (2010) (noting that a state court's factual determination is not unreasonable "merely because" a different conclusion could have been reached by the federal habeas court). In addition, on federal habeas review, our examination of counsel's performance is "doubly deferential." *White v. Ryan*, 895 F.3d 641, 666 (9th Cir. 2018). The California Supreme Court had before it the entire record of the trial and post-trial

proceedings, including declarations from witnesses that Petitioner identified as exculpatory. Accordingly, the district court committed no error in denying, without an evidentiary hearing, Petitioner's claims of ineffective assistance of counsel by finding that the state court ruling was not an unreasonable determination of the facts. *See Cullen v. Pinholster*, 563 U.S. 170, 183 (2011) ("[W]hen the state-court record precludes habeas relief under the limitations of § 2254(d), a district court is not required to hold an evidentiary hearing.") (citation and internal quotation marks omitted); *see also Hibbler v. Benedetti*, 693 F.3d 1140, 1147 (9th Cir. 2012) ("A state court's decision not to hold an evidentiary hearing does not render its fact-finding process unreasonable so long as the state court could have reasonably concluded that the evidence already adduced was sufficient to resolve the factual question. . . .") (citation and internal quotation marks omitted). Finally, Petitioner failed to identify any United States Supreme Court authority precluding summary denial by the California Supreme Court when the full record is before the state court. *See Hedlund v. Ryan*, 854 F.3d 557, 565-66 (9th Cir. 2017), *as amended* (explaining that habeas relief is unavailable if "Supreme Court cases give no clear answer to the question presented").

    **AFFIRMED.**