NOT FOR PUBLICATION



# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| JAMAAR JEROME WILLIAMS, | ) | No. 17-17442 |
| | ) | |
| Petitioner-Appellant, | ) | D.C. No. 2:05-cv-00879-APG-CWH |
| | ) | |
| v. | ) | MEMORANDUM* |
| | ) | |
| JO GENTRY, Warden; ATTORNEY | ) | |
| GENERAL FOR THE STATE OF | ) | |
| NEVADA, | ) | |
| | ) | |
| Respondents-Appellees. | ) | |
| | ) | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted October 2, 2019**
San Francisco, California

Before: FERNANDEZ and PAEZ, Circuit Judges, and CHOE-GROVES,*** Judge.

Jamaar Jerome Williams appeals the district court's dismissal of his habeas

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

***The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

corpus claim[1] that trial counsel was ineffective because he failed to present an alibi defense at Williams' trial in the Clark County, Nevada district court. We affirm.

Williams asserts that his procedural default in the Nevada state court proceedings should be excused on the basis of cause and prejudice. *See Martinez v. Ryan*, 566 U.S. 1, 17, 132 S. Ct. 1309, 1320, 182 L. Ed. 2d 272 (2012). We disagree. In order to establish cause and prejudice, Williams had to "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim . . . [had] some merit." *Id.* at 14, 132 S. Ct. at 1318; *see also Trevino v. Thaler*, 569 U.S. 413, 423, 133 S. Ct. 1911, 1918, 185 L. Ed. 2d 1044 (2013); *Rodney v. Filson*, 916 F.3d 1254, 1260 & n.2 (9th Cir. 2019). That he has not done. *See Strickland v. Washington*, 466 U.S. 668, 687–91, 104 S. Ct. 2052, 2064–66, 80 L. Ed. 2d 674 (1984). He has submitted no evidence that prior to Williams' testimony at trial his counsel had reason to suspect or believe that Williams had an alibi or alibi witnesses. On the contrary, the record indicates the opposite. That is far from showing some merit to his current claim of ineffective assistance of counsel. *See id.* at 690–91, 104 S. Ct. at 2066; *Eckert v. Tansy*, 936 F.2d 444, 447 (9th Cir. 1991); *see also* Nev. Rev. Stat. § 174.233; *Eckert v. State*, 605 P.2d 617, 618–19 (Nev. 1980). The district court did not err.

---

[1]*See* 28 U.S.C. § 2254.

Williams also argues that the district court should have held an evidentiary hearing. While evidentiary hearings are often necessary,[2] they are not required where the record before the district court provides a sufficient basis for decision.[3] Here, even fully crediting the declarations before the district court,[4] nothing in the declarations indicates that trial counsel was ineffective.

**AFFIRMED**.

---

[2]*See, e.g.*, *Rodney*, 916 F.3d at 1261; *Detrich v. Ryan*, 740 F.3d 1237, 1246 (9th Cir. 2013) (en banc).

[3]*Runningeagle v. Ryan*, 825 F.3d 970, 990–91 (9th Cir. 2016); *see also Schriro v. Landrigan*, 550 U.S. 465, 474, 127 S. Ct. 1933, 1940, 167 L. Ed. 2d 836 (2007).

[4]*See Earp v. Ornoski*, 431 F.3d 1158, 1170 (9th Cir. 2005); *see also Stewart v. Cate*, 757 F.3d 929, 942 (9th Cir. 2014).