**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN OLIVER SNOW, | No. 15-99012 |
| Petitioner-Appellant, | D.C. No. 2:03-cv-00292-MMD-CWH |
| v. | |
| RENEE BAKER, Warden; ATTORNEY GENERAL FOR THE STATE OF NEVADA, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted July 8, 2020
San Francisco, California

Before:    McKEOWN, MURGUIA, and WATFORD, Circuit Judges.

John Oliver Snow, who was convicted of conspiracy to commit murder and

first degree murder with use of a deadly weapon and sentenced to death on the

murder count in Nevada state court, appeals from the district court's denial of his

petition for writ of habeas corpus. The parties are familiar with the facts and the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

procedural history, so we do not repeat them here. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we affirm in part, reverse in part, reserve judgment on the uncertified claims, and remand to the district court for further proceedings.

We review de novo the district court's conclusions as to procedural default. *Rodney v. Filson*, 916 F.3d 1254, 1258 (9th Cir. 2019). The district court correctly concluded that Snow procedurally defaulted his Claims 1 (*Brady*[1] and *Napue*[2]) and 2 (*Massiah*[3]) because the Nevada Supreme Court made clear that it rested its decision denying relief on an independent state ground.

We also agree with the district court that Snow has not shown cause that would excuse the default as to Claim 1 because Snow did not explain how he was prevented from bringing that claim in a timely manner. *See Henry v. Ryan*, 720 F.3d 1073, 1083 (9th Cir. 2013) (the state's suppression of the evidence did not establish cause because the petitioner "suspected, … alleged and had evidentiary support for his claim more than a decade before commencing federal habeas proceedings").

However, the district court erred in its analysis of cause with respect to Claim 2. The state did not disclose the critical piece of evidence in support of

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).
[2] *Napue v. Illinois*, 360 U.S. 264 (1959).
[3] *Massiah v. United State*s, 377 U.S. 201 (1964).

2

Claim 2—the visitation logs reflecting Detective Miller's multiple visits with Richard Morelli—until January 12, 2007, ten months before Snow filed his first amended federal petition. Accordingly, Snow successfully demonstrated cause for the procedural default of Claim 2. *See id*.; *see also Strickler v. Greene*, 527 U.S. 263, 289 (1999).

Because of its ruling on cause, the district court did not evaluate whether Snow showed prejudice to overcome the procedural default of Claim 2. Morelli's testimony, which occupied roughly half of the state's evidentiary presentation at the penalty hearing, went to the heart of why a life-without-parole sentence would not be a deterrent to illegal behavior—Morelli testified that Snow wanted to kill a state witness to prevent her from testifying or to exact revenge for exposing the conspiracy. The prosecution offered Morelli a substantial benefit—a five-year sentence reduction by virtue of his probation not being revoked. Defense counsel treated Morelli's testimony as so damaging that he went to the extraordinary measure of calling himself as a witness and also addressed the testimony extensively during the closing argument. Snow demonstrated prejudice to overcome the procedural default of Claim 2. We reverse dismissal of Claim 2 and remand for consideration of the merits. We note that our dismissal of Claim 1 does not preclude the district court from referencing common evidence underlying both Claims 1 and 2 for purposes of further proceedings. Contrary to the district court's

finding, Claim 2 is not untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  As discussed above, Snow obtained critical evidence in support of the claim within the one-year AEDPA deadline.

The Nevada Supreme Court determined that Snow's claims for ineffective assistance of counsel (Claims 10 and 16) are also procedurally defaulted.  Snow seeks relief under *Martinez v. Ryan*, 566 U.S. 1 (2012).  The Supreme Court's decision in *Davila v. Davis*, __U.S. __, 137 S. Ct. 2058, 2056–66 (2017), forecloses Snow's claim with respect to appellate counsel (Claim 16).  However, as Snow argued and the state's counsel acknowledged at oral argument, *Martinez* relief is not foreclosed with respect to section 34.726 of the Nevada Revised Statutes, Nevada's statute of limitations bar.  *See Williams v. Filson*, 908 F.3d 546, 580 (9th Cir. 2018) (remanding to the district court to determine whether petitioner's procedural default under section 34.726 is excused under *Martinez*).  Further, "the question of cause is … 'a question of *federal* law,'" not state law.  *Bradford v. Davis*, 923 F.3d 599, 610 n.2 (9th Cir. 2019) (quoting *Murray v. Carrier*, 477 U.S. 478, 489 (1986)).  We reverse dismissal of Claims 10A, 10C, 10E, 10H, and 10K (in part) and remand for consideration under *Martinez*.

With the exception of Claim 2 as discussed above, we affirm the district court's statute of limitations rulings for the reasons set out by the district court.

4

Because Snow did not rebut the presumption that the Nevada Supreme Court adjudicated his claim of juror bias on the merits, AEDPA deference applies to this claim. *See Bell v. Uribe*, 748 F.3d 857, 863–64 (9th Cir. 2014). The trial court evaluated the answers of the jurors at issue, and the Nevada Supreme Court determined that any claimed ambiguity was insufficient to overcome the presumption of correctness owed to the trial court's findings. The Nevada Supreme Court's rejection of the claim was neither contrary to nor an unreasonable application of federal law, and it was also not based on an unreasonable determination of the facts in light of the evidence before the trial court.

With respect to the proffered admission of testimony from Terry Hardaway and David Springfield, the state court's ruling regarding the inapplicability of section 51.069 of the Nevada Revised Statutes is not subject to federal habeas review. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam). Further, the statements were not sufficiently reliable to fall within the narrow constitutional exception under *Chambers v. Mississippi*, 410 U.S. 284 (1973). Finally, following an evidentiary hearing, the state court reasonably determined that counsel made a strategic decision with respect to this testimony. This claim fails under AEDPA.

We do not reach the uncertified issues at this juncture and reserve judgment on those issues. The panel shall retain jurisdiction of this case.

**AFFIRMED in part and REVERSED in part.**

5