NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PEDRO R. DUARTE,<br><br>        Petitioner-Appellant,<br><br>  v.<br><br>BRIAN WILLIAMS, Warden; ATTORNEY GENERAL FOR THE STATE OF NEVADA,<br><br>        Respondents-Appellees. | No. 19-17207<br><br>D.C. No.<br>2:12-cv-01305-JAD-EJY<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted July 30, 2021
San Francisco, California

Before: McKEOWN and NGUYEN, Circuit Judges, and LAMBERTH,** District Judge.

In 2003, Pedro Duarte was convicted in Nevada state court of attempted murder. His case stems from an attempted robbery and the subsequent shootout.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Royce C. Lamberth, United States District Judge for the District of Columbia, sitting by designation.

The State's theory at trial was that Duarte was the getaway driver for robber-gunmen Jose Vigoa and Oscar Cisneros.

In Nevada, attempted murder is a specific-intent crime. *See Sharma v. State*, 56 P.3d 868, 870 (Nev. 2002). So at the time of Duarte's trial, Duarte could not be convicted of attempted murder based solely on a theory of vicarious liability, i.e., his role as a co-conspirator to or aider and abettor of Vigoa and Cisneros. Instead, the jury needed to find that Duarte *specifically intended* for Vigoa or Cisneros to commit murder. *See id.* at 872. But the trial court gave several instructions—to which Duarte's trial counsel did not object—that did not comply with Nevada law. One instruction, which the State expressly concedes was unlawful, permitted an attempted-murder conviction when the principal actor's conduct was "reasonably foreseeable." Another stated that "the act of one is the act of all." Yet another instruction permitted a guilty verdict "even if [the defendant] has forbidden the others to make use of deadly force."

Duarte's counsel did not challenge the jury instructions on direct appeal or in his initial state post-conviction proceedings. While his first state post-conviction petition was pending, Duarte filed a second, pro se petition challenging the jury instructions and his trial counsel's failure to object to them. The Nevada state courts ultimately denied both petitions, and specifically found that the second petition was untimely.

2

Then, in federal court, Duarte filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, arguing that his trial counsel was ineffective for failing to challenge the jury instructions and that his state post-conviction counsel was ineffective for failing to raise an ineffective-assistance-of-trial-counsel claim. While federal habeas courts ordinarily do not consider claims that were procedurally defaulted in state court, Duarte invoked an equitable exception to this rule announced by the Supreme Court in *Martinez v. Ryan*, 566 U.S. 1 (2012). Nevertheless, the district court below found that Duarte could not excuse the default under *Martinez*.

We granted a certificate of appealability on the following question: whether Duarte demonstrated cause and prejudice to excuse the procedural default of his claim that trial counsel rendered ineffective assistance by failing to challenge the co-conspirator or aider-and-abettor liability jury instructions. We have jurisdiction under 28 U.S.C. §§ 1291 & 2253. We reverse and remand with instruction to grant the writ.

\* \* \*

Generally, "[f]ederal habeas courts reviewing convictions from state courts will not consider claims that a state court refused to hear based on an adequate and independent state procedural ground." *Davila v. Davis*, 137 S. Ct. 2058, 2062 (2017); *see Coleman v. Thompson*, 501 U.S. 722, 747–48 (1991). Such claims are

3

procedurally defaulted. *Rodney v. Filson*, 916 F.3d 1254, 1259 (9th Cir. 2019). There is, however, a "narrow exception" to this rule when a petitioner "can establish 'cause' to excuse the procedural default and demonstrate that he suffered actual prejudice from the alleged error." *Davila*, 137 S. Ct. at 2062.[1]

"Cause" and "prejudice" are satisfied if the petitioner can show that "(1) post-conviction counsel performed deficiently; (2) 'there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different'; and (3) the 'underlying ineffective-assistance-of-trial-counsel claim is a substantial one.'" *Dickinson v. Shinn*, 2 F.4th 851, 858 (9th Cir. 2021) (quoting *Ramirez v. Ryan*, 937 F.3d 1230, 1242 (9th Cir. 2019)). A claim is substantial if it has "some merit." *Id.* at 858 (quoting *Martinez*, 566 U.S. at 14).

The "cause" and "prejudice" prongs necessarily overlap and are affected by the strength of the underlying claim for ineffective assistance of trial counsel. *See id.* at 858 n.3. We thus begin there. To determine whether Duarte's trial counsel was ineffective, this Court applies the two-part test from *Strickland v. Washington*,

---

[1] A federal habeas court may excuse the default under *Martinez* only when "the state collateral review proceeding was the 'initial' review proceeding in respect to the 'ineffective-assistance-of-trial-counsel claim'; and . . . state law *requires* that an 'ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding.'" *Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (second and third alterations in original) (quoting *Martinez*, 566 U.S. at 14–16). These requirements are satisfied for Nevada petitioners. *See Rodney*, 916 F.3d at 1260; *Rippo v. State*, 146 P.3d 279, 285 (Nev. 2006).

4

466 U.S. 668 (1984). *Strickland*, in turn, requires that (1) the defendant show that counsel's performance "fell below an objective standard of reasonableness" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 691–92, 694.

Duarte's trial counsel's performance was deficient. Counsel's ignorance of the law and failure to object to an unlawful jury instruction—especially one that minimized the government's burden of proof—fell below an objective standard of reasonableness. *See Hinton v. Alabama*, 571 U.S. 263, 274 (2014) (per curiam); *United States v. Alferahin*, 433 F.3d 1148, 1161 (9th Cir. 2006). Despite the deference accorded to counsel to make strategic decisions, the erroneous jury instructions permitted the jury to convict Duarte on an impermissible legal theory, so the failure to object cannot be characterized as "strategic." *See United States v. Span*, 75 F.3d 1383, 1390 (9th Cir. 1996).

This case thus turns on whether there is a reasonable probability that the result at trial would have been different absent Duarte's trial counsel's error. *See Harrington v. Richter*, 562 U.S. 86, 104 (2011). In light of the evidence and the State's theory at trial, we conclude that there *is* a reasonable probability that the result at Duarte's trial would have been different absent trial counsel's error. And we reject the respondents' arguments to the contrary.

Even viewing the evidence in the light most favorable to the State, the trial record is, at best, ambiguous concerning Duarte's specific intent. While the State's evidence placed Duarte at the scene of the crime, hardly any of the evidence strongly indicated that Duarte *intended* for Vigoa and Cisneros to kill. Indeed, the State's theory at trial was that Duarte was the getaway driver. The State introduced evidence of Duarte's DNA in the getaway vehicle, a series of calls between Duarte and Vigoa before and after the robbery, Duarte's statement to police and implausible alibi about his whereabouts on the day of the robbery, and Duarte's fingerprint on a "cold" license plate near where the robbers' swapped getaway vehicles. While this evidence places Duarte at the scene of the crime, none of this evidence is strongly probative of whether Duarte specifically intended for Vigoa and Cisneros to commit murder.

It is thus not surprising that the State relied heavily on the unlawful vicarious-liability instructions to argue Duarte's guilt for attempted murder. Indeed, in its opening statement and closing argument, the State repeatedly emphasized that even if Duarte did not pull the trigger, he was responsible for Vigoa's and Cisneros's actions. *See Riley v. McDaniel*, 786 F.3d 719, 727 (9th Cir. 2015). But that result is not consistent with Nevada law.

The State's arguments that Duarte was not prejudiced are without merit. *First*, it is irrelevant whether the jury was properly instructed on the elements of attempted

6

murder. The attempted murder instruction itself provides no guidance as to whose conduct the elements of attempted murder must be applied. Indeed, under the vicarious-liability instructions, the jury needed to apply the attempted murder instruction *only* to conduct of the principals—i.e., Vigoa or Cisneros—not Duarte.

*Second*, we conclude that the jury's clarification question does not mitigate the reasonable likelihood that the jury applied the instructions in a manner inconsistent with Nevada law. The jury asked whether all the elements of the attempted murder instruction must apply. Even granting the State's characterization that the jury's question pertained to Duarte's actions, this argument assumes that the jury ultimately convicted on this theory and that the question reflected the views of all the jury members. To the contrary, some or all jury members may have ultimately convicted based on an impermissible theory of vicarious liability.

*Third*, we find the State's reliance on the jury verdict form—and the jury's failure to convict Duarte of any aggravated offenses for the "use" of a deadly weapon—to be unpersuasive. The relevant jury instructions are ambiguous and may have permitted the jury to simultaneously convict Duarte of attempted murder based on one theory (vicarious liability), while acquitting him of the weapon charge based on another (Duarte's liability as a principal). The jury was instructed that "use" of a deadly weapon enhancement applies to conduct "aiding the commission of the crime." But if the jury instructions did not permit such a result, then the respondents'

7

argument asks this Court to extrapolate the jury's erroneous application of the vicarious-liability instructions from one context (the "use" enhancement) to a *separate* context (the attempted-murder charge). We decline to do so. Courts ordinarily presume that juries follow the instructions as given. *See Weeks v. Angelone*, 528 U.S. 225, 234 (2000).

The guilty verdict also provides additional evidence that the jury may have convicted Duarte of attempted murder without finding that he specifically intended for Vigoa and Cisneros to commit murder. The jury was instructed that to find Duarte guilty of conspiracy, Duarte "must intend to commit, or to aid in the commission of, the specific crime agreed to." But the jury convicted Duarte of conspiracy to commit *robbery* while declining to convict him of conspiracy to commit murder. Thus, the jury appears to have found that Duarte neither "intend[ed] to commit" nor intended "to aid in the commission of" murder (and that he instead intended only robbery).

Duarte has raised a strong, meritorious claim for ineffective assistance of trial counsel. For that reason, the remaining prongs of the *Martinez* analysis collapse for analytical purposes. Not only is Duarte's underlying claim "substantial," but state post-conviction counsel's failure to raise this meritorious claim was objectively unreasonable and cannot be characterized as strategic. That state post-conviction counsel successfully obtained a remand on other claims does not affect our

8

conclusion. *See Kimmelman v. Morrison*, 477 U.S. 365, 383 (1986) ("[A] single, serious error may support a claim of ineffective assistance of counsel . . . ."). And because the evidence at trial was not substantially probative of Duarte's specific intent, post-conviction counsel's failure to raise this meritorious claim prejudiced Duarte. Thus, the default is excused under *Martinez*. Because no further factual development pertaining to either the trial-counsel or post-conviction-counsel claims is necessary, and we have concluded that the underlying claim is meritorious, we remand with instruction to grant a conditional writ of habeas corpus ordering Duarte to be resentenced unless the State of Nevada retries him on the attempt murder counts within a reasonable period of time.[2]

    **REVERSED AND REMANDED**.

---

[2] Because the Court is reversing and remanding on these grounds, the Court need not reach Duarte's request to expand the certificate of appealability to encompass his claim that the default should be excused because he is actually innocent.