NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 9 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JEFFREY WELLER,

Petitioner-Appellant,

v.

RONALD HAYNES,

Respondent-Appellee.

No.    23-35459

D.C. No. 3:20-cv-05861-RAJ

MEMORANDUM[*]

SANDRA WELLER,

Petitioner-Appellant,

v.

DEBORAH JO WOFFORD,

Respondent-Appellee.

No.    23-35460

D.C. No.
3:20-cv-05862-RAJ-TLF

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted August 21, 2024
Seattle, Washington

Before:  HAWKINS, McKEOWN, and DE ALBA, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Petitioners Jeffrey and Sandra Weller ("the Wellers") appeal the district court's denial of their consolidated petition for habeas corpus alleging ineffective assistance of trial counsel ("IAC"). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, reverse the district court's denial of the petition, and remand with instructions to conduct an evidentiary hearing.

1. In the last-reasoned state court decision, the Washington Supreme Court Commissioner "clearly and expressly," *Harris v. Reed*, 489 U.S. 255, 263 (1989) (quoting *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985)), denied the Wellers' petition on "independent and adequate," *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991), state procedural grounds by invoking the inadequate briefing rule of *In re Rice*, 828 P.2d 1086 (Wash. 1992). *See Corbray v. Miller-Stout*, 469 F. App'x 558, 560 (9th Cir. 2012) (collecting state court cases to establish the adequacy of the *Rice* rule); *see also Tamplin v. Muniz*, 894 F.3d 1076, 1082 (9th Cir. 2018) ("Under AEDPA, we review the last reasoned state court opinion." (internal quotation and citation omitted) (cleaned up)).[1]

---

[1] Respondents urge us to look past the Washington Supreme Court Commissioner's ruling and consider the decision of the Washington Court of Appeals as an independent adjudication of the merits of the Wellers' IAC claim that triggers review under the deferential standard of 28 U.S.C. § 2254(d). But looking past the last reasoned state court decision in this case, even if it were proper, would not yield a different result. While the Court of Appeals' decision did not "clearly and expressly" cite *Rice* as the grounds for its denial of the Wellers' petition, the Supreme Court Commissioner construed that decision as imposing a procedural bar because its reasoning was "consistent with this court's

Citing, *Ochoa v. Davis*, 50 F.4th 865, 888 (9th Cir. 2022), the district court erroneously concluded that the *Rice* rule was not independent of federal law. But *Ochoa* has no application to this case. It merely reaffirmed what the Supreme Court and Ninth Circuit have held since 2011: that a summary denial "on the merits" from the California Supreme Court constitutes an adjudication on the merits within the meaning of 28 U.S.C. § 2254(d). *See id.* (citing Ninth Circuit cases); *Cullen v. Pinholster*, 563 U.S. 170, 188 n.12 (2011). This case involves neither California law nor a summary denial; nor is there a decision expressly "on the merits." Rather, the Washington Supreme Court invoked a procedural rule that "enabl[es] courts to avoid the time and expense of [an evidentiary hearing] when the petition, though facially adequate, has no apparent basis in provable fact" because the petitioner has not "present[ed] evidence showing that his factual allegations are based on more than speculation, conjecture, or inadmissible hearsay." *Rice*, 828 P.2d at 1092. In such cases, Washington courts refuse to address the merits of the petition. *In re Cook*, 792 P.2d 506, 512 (Wash. 1990). Accordingly, because the Washington Supreme Court's application of the *Rice* rule did not require an "antecedent ruling" on the merits of the Wellers' IAC claim, it

holding in *Rice* regarding a petitioner's evidentiary burden." "When interpreting state law, we are bound to follow the decisions of the state's highest court." *Paulson v. City of San Diego*, 294 F.3d 1124, 1128 (9th Cir. 2002). Accordingly, there is no independent adjudication on the merits in the state court record for us to consider.

was independent of federal law. *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000) (quoting *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)).

2. To overcome their procedural default, the Wellers must demonstrate "cause for the default and prejudice from a violation of federal law." *Martinez v. Ryan*, 566 U.S. 1, 9–10 (2012). Because the Wellers did not have counsel during their state post-conviction proceedings, and because Washington law requires petitioners to raise IAC claims for the first time on collateral review, the Wellers can establish cause for their default. *See Rodney v. Filson*, 916 F.3d 1254, 1260 (9th Cir. 2019) ("[A] petitioner who was *not* represented by post-conviction counsel in his initial-review collateral proceeding is not required to make any additional showing of prejudice over and above the requirement of showing a substantial trial-level IAC claim."); *Woods v. Sinclair*, 764 F.3d 1109, 1137 (9th Cir. 2014) (citing *State v. McFarland*, 899 P.2d 1251, 1257 (Wash. 1995)) (recognizing that Washington law effectively prohibits raising IAC claims on direct appeal). The Wellers, however, still must demonstrate prejudice by showing that their IAC claim is "substantial," or, in other words, "has some merit." *Martinez*, 566 U.S. at 14. If they can, then their underlying IAC claim will receive de novo review. *See Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006) ("When it is clear . . . that the state court has not decided an issue, we review that question *de novo*."). We remand for the district court to address the question of

prejudice and, if necessary, the merits of the underlying IAC claim in the first instance. *See Woods*, 764 F.3d at 1137–38 (holding that "the substantiality and ineffectiveness issues should be addressed in the first instance by the district court" due to their "highly fact- and record-intensive" nature (quoting *Detrich v. Ryan*, 740 F.3d 1237, 1262 (9th Cir. 2013) (Watford, J., concurring), *overruled on other grounds by Shinn v. Ramirez*, 596 U.S. 366 (2022))).

3. On remand, the district court should conduct an evidentiary hearing because the Wellers did not fail to develop the state court record within the meaning of the opening clause of 28 U.S.C. § 2254(e)(2). The district court erred by concluding otherwise, faulting the Wellers for not requesting funds in state court to hire an expert. By consistently requesting appointment of an attorney, seeking a state court evidentiary hearing, and supplying the state court with declarations, letters, police reports, and medical records to support their claim, the Wellers "made a reasonable attempt, in light of the information available at the time, to investigate and pursue [their] claims in state court." *Williams v. Taylor*, 529 U.S. 420, 435 (2000); *see also Hurles v. Ryan*, 752 F.3d 768, 791 (9th Cir. 2014) ("A petitioner who has previously sought and been denied an evidentiary hearing has not failed to develop the factual basis of his claim."); *Libberton v. Ryan*, 583 F.3d 1147, 1165 (9th Cir. 2009) (noting pro se petitioner's diligence in providing relevant, if incomplete, evidence to state court despite the denial of a

5

request for an evidentiary hearing and funds for an investigator).

Moreover, the Washington Supreme Court's invocation of the *Rice* rule does not bear on our assessment of whether the Wellers were diligent in developing the state court record. The *Rice* rule applies equally to those petitioners who negligently fail to present evidence to support their petitions and to those petitioners who are unable to present supporting evidence because of some impediment. *See* 828 P.2d at 1092–93. The Supreme Court, however, has explicitly rejected this kind of no-fault diligence standard in the context of § 2254(e)(2)'s opening clause. *Williams*, 529 U.S. at 436. The Wellers' pro se efforts to augment the state court record from prison demonstrated diligence, and there is no indication that their lack of success was a product of negligence. *See Martinez*, 566 U.S. at 12 ("While confined to prison, the prisoner is in no position to develop the evidentiary basis for a claim of ineffective assistance, which often turns on evidence outside the trial record."). For this reason, too, *Shinn v. Ramirez* does not bar an evidentiary hearing. *See* 596 U.S. at 383 ("[A] state prisoner is responsible for *counsel's negligent failure* to develop the state postconviction record." (emphasis added)).

4. The district court's order adopting the magistrate judge's report and recommendation was sufficient to satisfy its obligation to conduct de novo review pursuant to 28 U.S.C. § 636(b)(1)(C). While the district court did not explicitly

6

indicate the standard of review it used, it stated that it "reviewed the report and recommendation, the petition for writ of federal habeas corpus relief and the remaining record." Under our precedent, this was sufficient. *See N. Am. Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1450 (9th Cir. 1986) (presuming that the district court conducted de novo review when it indicated that it reviewed the report and recommendation, the pleadings, and the record, even though it did not explicitly use the term "de novo").

**REVERSED AND REMANDED.**