**Johnny Lee HODGE, Petitioner—Appellant,**

v.

**Thomas M. HORNUNG, Warden, Respondent—Appellee.**

No. 01–15615.

D.C. No. CV–00–05341–HGB.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 8, 2002.*

Decided Oct. 17, 2002.

Before D.W. NELSON, HAWKINS, and WARDLAW, Circuit Judges.

### MEMORANDUM**

Petitioner Johnny Lee Hodge, a California state prisoner, appeals the district court's dismissal without prejudice of his 28 U.S.C. § 2254 habeas corpus petition for failure to exhaust state remedies. We review the district court's decision to grant or deny a 28 U.S.C. § 2254 habeas petition *de novo. Dubria v. Smith,* 224 F.3d 995, 1000 (9th Cir.2000) (en banc), *cert. denied,* 531 U.S. 1148, 121 S.Ct. 1089, 148 L.Ed.2d 963 (2001). We vacate and remand.

A state prisoner must exhaust available remedies in state courts before proceeding with a federal habeas corpus petition. 28 U.S.C. § 2254(b); *Duckworth v. Serrano,* 454 U.S. 1, 3, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981) (per curiam); *Larche v. Simons,* 53

F.3d 1068, 1071 (9th Cir.1995). Exhaustion requires that the federal claim be fairly presented to the state's highest court to which appeal is available. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844–847, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

Hodge filed a habeas petition *pro se* with the California Supreme Court, which was dismissed with citations to *In re Swain,* 34 Cal.2d 300, 304, 209 P.2d 793 (1949), and *People v. Duvall,* 9 Cal.4th 464, 474, 37 Cal.Rptr.2d 259, 886 P.2d 1252 (1995). The district court noted that these citations indicate that the state court dismissed the case without prejudice on procedural grounds, due to lack of particularity in the pleadings. The district court then dismissed Hodge's petition for failure to exhaust state remedies.

We have previously held that a state court's denial of a habeas petition for lack of particularity does not establish *per se* that state remedies have not been exhausted. *Kim v. Villalobos,* 799 F.2d 1317, 1319–20 (9th Cir.1986). Where a prisoner proceeding *pro se* is unable to meet the state rule that his claims be pleaded with particularity, he may be excused from complying with it. *Harmon v. Ryan,* 959 F.2d 1457, 1462 (9th Cir.1992) (citing *Kim,* 799 F.2d at 1321). Fair presentation requires only that the claims be pleaded with as much particularity as is practicable. *Kim,* 799 F.2d at 1320.

We therefore remand this matter to the district court to determine whether Hodge has properly exhausted his state court remedies in accordance with *Kim v. Villa-*

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*lobos* by alleging his claims with as much particularity as is practicable.

As petitioner acknowledges, at least one of the claims in his petition is indisputably unexhausted. A mixed petition containing both exhausted and unexhausted claims must be dismissed. *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Should the district court find that the petition is a mixed petition, petitioner should be given the opportunity to amend the petition to delete the unexhausted claims. *James v. Pliler,* 269 F.3d 1124, 1126–27 (9th Cir.2001). Additionally, because a future petition may be barred by AEDPA's statute of limitations absent sufficient grounds for tolling, the district court must advise the petitioner that he may also request a stay of his exhausted claims so that he can exhaust his presently-unexhausted claims in state court and then move to amend his stayed petition to include the newly-exhausted claims. *See Ford v. Hubbard,* 305 F.3d 875, 883–86 (9th Cir.2002).

Finally, this Court takes notice of the fact that the petitioner has been paroled during the pendency of this appeal. The parties are therefore directed to advise the district court as to who is the appropriate respondent, i.e., the person or entity that currently has custody of the petitioner.

VACATED AND REMANDED.