**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLEMENTE VILLEGAS BARRERA, | No. 09-16222 |
| Petitioner - Appellant, | D.C. No. 1:08-cv-00062-LJO-BAK |
| v. | |
| ATTORNEY GENERAL OF THE STATE OF CALIFORNIA; RAUL LOPEZ, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted May 14, 2012
San Francisco, California

Before: THOMAS, McKEOWN, and W. FLETCHER, Circuit Judges.

Petitioner-Appellant Clemente Villegas Barrera ("Barrera") appeals the

district court's dismissal of his 28 U.S.C. § 2254 petition for writ of habeas corpus.

Barrera contends the district court: (1) erred in finding claims two and three of the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

§ 2254 petition unexhausted; and (2) abused its discretion in failing to grant Barrera's motion to stay his federal petition while he further exhausted his claims in state court. We affirm in part and reverse in part.

Barrera raised claims two and three in a *pro se* habeas application filed in the California Supreme Court. That court denied the petition with citation to *In re Swain*, 34 Cal. 2d 300, 304 (1949), and *People v. Duvall*, 9 Cal. 4th 464, 474 (1995). These citations indicate the court determined Barrera's petition was procedurally deficient for failure to comply with state rules requiring him to "allege with particularity the facts upon which he would have a final judgment overturned," *Swain*, 34 Cal. 2d at 304, and "include copies of reasonably available documentary evidence supporting the claim[s], including . . . affidavits or declarations." *Duvall*, 9 Cal. 4th at 474. Though such a deficiency could have been "cured in a renewed petition," Barrera's failure to file a renewed petition in the California Supreme Court does not *per se* establish a failure to exhaust state remedies. *See Kim v. Villalobos*, 799 F.2d 1317, 1319 (9th Cir. 1986).

To determine whether Barrera's claims have been exhausted, this Court must independently analyze the petition presented to the California Supreme Court to determine whether Barrera satisfied federal exhaustion requirements and alleged his claims "with as much particularity as is practicable." *Id.* at 1320. Under

2

federal exhaustion requirements, Barrera must have "fully and fairly" presented his claims to the California Supreme Court by alerting the court to the factual basis for, and federal constitutional nature of, the claims. *See Sivak v. Hardison*, 658 F.3d 898, 908 (9th Cir. 2011).

The district court erred in finding claim three unexhausted. Indeed, Respondent does not defend on appeal the lower court's exhaustion finding as to this claim. Barrera alerted the California Supreme Court to the federal nature of the claim, setting forth the appropriate *Strickland* standard for ineffective assistance of counsel claims, citing the Sixth and Fourteenth Amendments to the United States Constitution, and relying upon numerous federal cases. Barrera also explained, in a detailed and coherent narrative, the factual basis for this claim.

However, the district court did not err in finding Barrera's second claim unexhausted. Furthermore, given the claim's weak merits, the district court did not abuse its discretion by failing to grant Barrera's request for a stay-and-abeyance with respect to this claim.

Claims one and three of Barrera's § 2254 petition are exhausted. Barrera was given an opportunity to withdraw unexhausted claims in the court below and failed to do so, resulting in dismissal of his petition in its entirety. Barrera, who was acting *pro se*, may not have understood the consequences of his failure to

3

move to withdraw unexhausted claims. Further, the district court refused to stay and abey Barrera's petition based on its conclusion that neither claim two nor claim three was exhausted.

We remand to the district court in order to permit it to evaluate the petition anew, in light of the fact that claim three is not unexhausted.

Each party shall bear its own costs.

AFFIRMED in part, REVERSED in part, and REMANDED.